UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


ROYAL CONSUMER PRODUCTS, INC.    )
    )    Civil Action No. 3:14-cv-1884
    Plaintiff,    )
    )
    v.    )
    )
DOLLAR TREE STORES, LLC,    )
    )    JURY TRIAL DEMANDED
    Defendant.    )


## **<u>COMPLAINT</u>**

Plaintiff Royal Consumer Products, LLC alleges as follows:

<u>PARTIES</u>

1.    Plaintiff Royal Consumer Products, LLC ("RCP") is a Delaware limited liability company with its principal place of business at 108 Main Street, Norwalk, CT 06851.  RCP is qualified to do business as a foreign limited liability company in Connecticut.

2.    Upon information and belief, defendant Dollar Tree Stores, Inc. ("Dollar Tree") is a Virginia corporation with its principal place of business at 500 Volvo Parkway, Chesapeake, VA 23320.  Upon information and belief, Dollar Tree is qualified to do business as a foreign corporation in Connecticut.

3.    Upon information and belief, at all relevant times, Dollar Tree has regularly done business in the Connecticut and maintains retail stores in Connecticut for the conduct of such business.

<u>JURISDICTION</u>

4.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 in that the plaintiffs and the defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

FIRST CLAIM FOR RELIEF
<u>(BREACH OF CONTRACT)</u>

5.    RCP manufactures ink jet photo papers, poster board, foam board, project board, designer stationery, printable certificates, and related paper products.

6.    Upon information and belief, Dollar Tree owns and operates numerous retail stores throughout the United States, including Connecticut, that sell various consumer products, including paper products.

7.    Between in or about November 2011 and December 2014, Dollar Tree issued multiple purchase orders to RCP for poster board and other paper products.

8.    RCP filled the purchase orders issued by Dollar Tree and delivered the goods ordered by Dollar Tree to various locations maintained by Dollar Tree in different states, including Connecticut.

9.    Dollar Tree accepted the goods delivered by RCP and retained such goods in its possession, custody and control.

10.    Upon information and belief, Dollar Tree has sold to customers of its retail stores some or all of the goods ordered by Dollar Tree from RCP and delivered by RCP to Dollar Tree.

11.    RCP sent invoices to Dollar Tree identifying the goods ordered by and delivered to Dollar Tree and the amounts due thereon.

12.    Pursuant to the terms of such invoices, payment was due from Dollar Tree within 30 days.

13.   Dollar Tree has failed and refused to tender payment for goods ordered by Dollar Tree from RCP and delivered and invoiced by RCP to Dollar Tree.

14.   With respect to certain invoices sent by RCP to Dollar Tree, Dollar Tree has failed to make any payment whatsoever.

15.   The total amount due pursuant to such unpaid invoices is $560,073.54.

16.   With respect to other invoices sent by RCP to Dollar Tree, Dollar Tree took improper and unauthorized deductions and failed to pay in full the amount due.

17.   The total amount of such improper and unauthorized deductions is $10,595.77.

18.   The total amount of unpaid invoices and improper and unauthorized deductions is $570,669.31 [$560,073.54 + $10,595.77].

19.   Solely as an accommodation to Dollar Tree, RCP agreed to accept returns of goods ordered by Dollar Tree from RCP and delivered and invoiced by RCP to Dollar Tree for full credit.

20.   The total dollar amount of such goods returned by Dollar Tree and credited by RCP is $53,006.57.

21.   Dollar Tree owes RCP $517,662.74 [$570,073.54 less the credit of $53,006.57] for sold to, and accepted by, Dollar Tree.

22.   RCP has suffered damages as a result of Dollar Tree's failure to pay for goods ordered by Dollar Tree and delivered by RCP.

SECOND CLAIM FOR RELIEF
(UNJUST ENRICHMENT)

23.   Plaintiff repeats and realleges the allegations of paragraph 1 through 22 as if set forth at length herein.

24.   RCP has conferred a benefit on Dollar Tree, which has knowledge thereof.

25.   Dollar Tree voluntarily accepted and retained the benefit conferred.

26.   The circumstances render Dollar Tree's retention of the benefit inequitable unless Dollar Tree to RCP the value of the benefit.

27.   The value of the benefit conferred by RCP on Dollar Tree is $517,662.74.

28.   Dollar Tree has been unjustly enriched at the expense of RCP.

29.   RCP is entitled to damages as a result of Dollar Tree's unjust enrichment.

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE**

WHEREFORE, plaintiff demands judgment of defendant as follows:

A.  On the First Claim for Relief, a money judgment in the amount of $517,662.74, with interest thereon at the applicable statutory rate.

B.  On the Second Claim for Relief, a money judgment in the amount of $517,662.74, with interest thereon at the applicable statutory rate.

C.  The costs and disbursements of this action, including plaintiff's reasonable attorneys' fees and expenses.

D.  Such other and further relief as the Court deems just and appropriate.

Dated:  Stamford, CT
           December 16, 2014

ROYAL CONSUMER PRODUCTS, INC.


By: ____/s/ Christopher J. Major_____
           Alexander D. Pencu
           Christopher J. Major
Meister Seelig & Fein LLP
600 Summer Street
Suite 201
Stamford, CT  06901
Tel: (203) 348-4244
*Attorneys for Plaintiff*